**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**                                                   **CRIMINAL ACTION NO. 3:13-CR-23-06**
                                                             **(JUDGE GROH)**

**ADAM NICOLAS BRADY,**

    Defendant.

## ORDER DENYING MOTION TO DISMISS

On August 29, 2013, Defendant's counsel filed a Motion to Dismiss for Pre-Indictment Delay. Defendant alleges that he has been charged with four offenses, three of which relate to transactions dated January 18 and January 20, 2011. Defendant's sole basis for this motion is the thirty months between the alleged occurrence of the events and the return of the indictment.

In determining whether pre-indictment delay violates the Fifth Amendment's Due Process Clause:

> [T]he burden [is] on the defendant to prove actual prejudice. Assuming the defendant can establish actual prejudice, then the court must balance the defendant's prejudice against the government's justification for delay. "The basic inquiry then becomes whether the government's action in prosecuting after substantial delay violates 'fundamental conceptions of justice' or 'the community's sense of fair play and decency.'"

***Jones v. Angelone***, 94 F.3d 900, 904 (4th Cir. 1996) (citations omitted).

First, Defendant does not assert that the Government deliberately caused the delay

1

for tactical gain. See **United States v. Lovasco**, 431 U.S. 783, 795, 97 S. Ct. 2044, 2051, 52 L.Ed.2d 752 (1977) ("[I]nvestigative delay is fundamentally unlike delay undertaken by the Government solely to gain tactical advantage over the accused."); **United States v. Marion**, 404 U.S. 307, 324, 92 S. Ct. 455, 465, 30 L.Ed.2d 468 (1971) ("[T]he [Due Process Clause] would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to appellees' right to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused.").

Second, Defendant has failed to show any actual prejudice, and he admits he is "not yet able to establish actual prejudice." Instead, Defendant asserts "the length of delay creates a presumption of actual prejudice." However, "[t]he Due Process Clause has never been interpreted so as to impose a presumption of prejudice in the event of lengthy pre-indictment delay . . . ." **Jones**, 94 F.3d at 906. Because Defendant is unable to demonstrate actual prejudice, the second step of the analysis, balancing the prejudice against the government's justification, is unnecessary.

Accordingly, Defendant's Motion to Dismiss Indictment [Doc. 95] is **DENIED** because he is unable to demonstrate actual prejudice due to the alleged pre-indictment delay.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**DATED:** September 17, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE