**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                         Criminal Action No. 3:13-CR-23-08

DAVID LEE FERGUSON,

        Defendant.

## ORDER DENYING DEFENDANT'S MOTION, INCLUDING AUTHORITY, FOR RELIEF FROM PREJUDICIAL JOINDER AND TO SEVER DEFENDANTS [125]

### I. INTRODUCTION

This matter comes before the Court on Defendant David Lee Ferguson's Motion for

Relief from Prejudicial Joinder and to Sever Defendants. (Def.'s Motion, Sept. 9, 2013, ECF

No. 125). On October 4, 2013, the United States of America (hereinafter, "the Government")

filed its response to Defendant's Motion. (Response, Oct. 4, 2013, ECF No. 154). On October

8, 2013, the Court held an evidentiary hearing and argument on Defendant's Motions.

Defendant appeared in person and by counsel, Tracy Weese, Esquire. The Government was

present by Paul T. Camilletti, Assistant United States Attorney, appearing on behalf of Assistant

United States Attorney Stephen L. Vogrin. No testimony or other evidence was presented.

### A. Background

Defendant, David Lee Ferguson, is one of nine defendants in a fifty-one (51) count

Indictment, plus forfeiture allegation, relating to the distribution of cocaine base in or near

Martinsburg, West Virginia. (Indictment, ECF No. 1). Defendant is named in Count One (1) of

the Indictment, which charges all nine (9) defendants with conspiracy to distribute twenty-eight (28) grams or more of cocaine base, also known as crack, from approximately July 16, 2009 to January 17, 2013 in or near Martinsburg, West Virginia. (*Id.*). Defendant is named in only one other count, Count Forty (40), which charges Defendant along with two co-defendants, Ashley Lucille Dixson and Adam Nicholas Brady, with aiding and abetting each other in the distribution of 0.16 grams of cocaine base within 1,000 feet of Burke Street Elementary School on January 20, 2011. (*Id.*).

### B. The Motion

Defendant's Motion, Including Authority, for Relief from Prejudicial Joinder and to Sever Defendants (Def.'s Motion, ECF No. 125).

### C. Decision

As discussed in detail below, Defendant's Motion for Relief from Prejudicial Joinder and to Sever Defendants is **DENIED**. Defendant failed to meet his burden demonstrating prejudicial joinder in order to justify severance under Rule 14(a) of the Federal Rules of Criminal Procedure.

## II. DISCUSSION

### A. Contentions of the Parties

Defendant argues severance is warranted because his alleged involvement is limited to just one substantive charge, rather than continual involvement throughout the four years of the alleged conspiracy. (Def.'s Motion at 1, ECF No. 125). Defendant asserts that he is the "odd man out" and his "appearance in the indictment appears to be a random circumstance and wholly unrelated to the other co-defendants and their activities." (*Id.* at 1-2). Defendant explains that his inclusion in a joint trial with co-defendants who are alleged to have "frequently engaged in illegal activity" will create "an overwhelming atmosphere of guilt by association which is

prejudicial." (*Id.* at 2). Defendant states that his inclusion in a joint trial will prevent either judge or jury from adequately and fairly considering Defendant's "individual responsibility" which will be "overshadowed with the sheer volume of evidence to be presented against the co-defendants and the remaining forty-nine (49) counts." (*Id.*). Defendant emphasizes that a joint trial will make it "impossible" for Defendant to "distinguish his position and culpability (if any)" from the other defendants. (*Id.* at 3).

The Government argues that Defendant is properly joined because the Grand Jury found probable cause to name him as a co-conspirator along with eight (8) other co-defendants in Count One (1) of the Indictment for distribution of cocaine base. (Response at 2, ECF No. 154). The Government argues that when proof of one conspiracy encompasses all defendants, then joinder is almost always proper. (*Id.*). The Government further explains that it is not necessary for all co-conspirators to know each other, only that the actions of the various co-conspirators are explained and foreseeable. (*Id.* at 4). The Government also points to Count Forty (40) of the Indictment, which charges Defendant as an aider and abettor with co-defendants, Ms. Dixson and Mr. Brady. (*Id.* at 3-4). Through these charges, the Government asserts that Defendant "will be connected" to the other co-defendants in the case. (*Id.*). Moreover, the Government explains that principles of judicial efficiency and fairness favor joinder and that Defendant failed to establish that "actual prejudice" would result from a joint trial. (*Id.* at 4).

**B. *Legal Analysis***

Rule 8(a) of the Federal Rules of Criminal Procedure allows separate counts with multiple offenses to be joined when the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(b). Similarly, Rule 8(b) of the Federal Rules of Criminal

Procedure permits multiple defendants to be charged in one indictment or information "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(a). "Because of the prospect of duplicating witness testimony, impaneling additional jurors or wasting limited judicial resources, joinder is the rule rather than the exception." *United States v. Whyte*, 460 F. App'x 236, 238 (4th Cir. 2012) (unpublished opinion) (citing *United States v. Hawkins*, 589 F.3d 694, 700 (4th Cir. 2009)).

The United States Supreme Court and the Fourth Circuit have both stated a preference for joinder of defendants named in the same indictment. *See Zafiro v. United States*, 506 U.S. 534, 537 (1993) (stating that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together."); *United States v. Brugman*, 655 F.2d 540, 542 (4th Cir. 1981) (explaining that "[b]arring special circumstances, individuals indicted together should be tried together.") (internal citations omitted). The Fourth Circuit found this presumption that defendants indicted together be tried together "is especially strong in conspiracy cases." *United States v. Harris*, 498 F.3d 278, 291 (4th Cir. 2007). Such a presumption also applies when an indictment charges a crime involving a principal and aider and abettor. *See United States v. Spitler*, 800 F.2d 1267, 1271 (4th Cir. 1986) (citing *United States v. Kahn*, 381 F.2d 824, 838 (7th Cir. 1967)).

However, pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure, if joinder "appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). The party seeking severance bears the burden of demonstrating prejudice. *See*

*United States v. Branch*, 537 F.3d 328, 341 (4th Cir. 2008) (citing *United States v. Goldman*, 750 F.2d 1221, 1225 (4th Cir. 1984)).  Showing prejudice is a heavy burden for the defendant:

> [W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

*Zafiro*, 506 U.S. at 539.  The defendant moving for severance "must establish that actual prejudice would result from a joint trial…and not merely that 'a separate trial would offer a better chance of acquittal.'" *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995) (quoting *United States v. Brooks*, 957 F.2d 1138, 1145 (4th Cir. 1992); *United States v. Spitler*, 800 F.2d 1267, 1271 (4th Cir. 1986)).

In the present case, Defendant failed to establish that "actual prejudice" would result from a joint trial.  While Defendant argues his involvement was only minor, Count One (1) of the Indictment names Defendant as a co-conspirator along with the other eight (8) defendants. The charges throughout the Indictment, including the charge against Defendant, specifically relate to the distribution of cocaine base in or near Martinsburg, West Virginia.[1]  The Grand Jury found that such transactions were part of a single conspiracy.  As the aforementioned case law indicates, defendants indicted together, particularly for conspiracy and aiding and abetting charges, should be tried together.

Moreover, Defendant points to no specific trial right that would be compromised if the case proceeds as a joint trial.  Defendant warns that the number of co-defendants along with the evidence presented for the remaining forty-nine counts would prevent a judge or jury from

---

[1] Every count of the Indictment involves charges relating to the distribution of cocaine base except for Count Forty-Seven which alleges co-defendant, Mitchell Lamont Fernando, distributed heroin.

considering Defendant's individual responsibility.[2]  These speculations are insufficient to satisfy Defendant's high burden.  *See Najjar*, 300 F.3d at 473.  Therefore, Defendant has not met his burden of demonstrating prejudicial joinder in order to justify severance under Rule 14(a).

### *III. DECISION*

For these reasons, Defendant's Motion for Relief from Prejudicial Joinder and to Sever Defendants (ECF No. 125) is **<u>DENIED</u>**.  Defendant failed to make the requisite showing of actual prejudice as required for severance pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure.

Filing of objections does not stay this Order.

Any party may, within fourteen (14) days of the filing of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to District Court Judge of Record.  Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based up on such Order.

The Clerk of the Court is directed to mail a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED.**


DATED: October 11, 2013

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[2] Of the nine defendants named in the Indictment, four have entered plea agreements as of October 10, 2013 and a fifth defendant is scheduled to enter a plea of guilty. The risk of any "cumulative effect" of evidence against the Defendant is greatly lessened with only four defendants remaining for trial. Moreover, two of four remaining defendants are named in Count Forty along with Defendant for aiding and abetting each other in the distribution of cocaine base.